NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 10-4721
_____

UNITED STATES OF AMERICA

v.

BRAD WILLIAMS,
                            Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1-10-cr-00020-001)
District Judge:  Hon. William W. Caldwell
_____

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2011

Before:  SLOVITER, SCIRICA, and SMITH, *Circuit Judges*

(Filed:  September 14, 2011)
_____

OPINION

_____

SLOVITER, *Circuit Judge*.

Brad Williams was convicted by a jury of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1)(D). He was sentenced to thirteen months imprisonment. Williams asks this court to vacate the judgment of conviction and to remand for a new trial for two reasons. He argues that the District Court committed plain error by (1) admitting the testimony of two law enforcement officers that he had refused to consent to a search of his home and (2) admitting the statement by an officer that may have suggested a comment on Williams' exercise of his right to proceed to trial. We will affirm.[1]

During trial, two officers testified that Williams had refused to consent to a search of his home.[2] Williams argues that this testimony was designed to show a consciousness

---

[1] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. This court has jurisdiction pursuant to 28 U.S.C. § 1291. This court reviews the District Court's admission of testimony for plain error where, as here, the defendant did not object to the testimony at issue during trial. Fed. R. Crim. P. 52(b). Under this standard, we must find that an error was committed, the error was plain, and the error affected the defendant's substantial rights. *United States v. Wolfe*, 245 F.3d 257, 260-61 (3d Cir. 2001). If those conditions are met, we may exercise our discretion to notice a forfeited error, but only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 261 (internal quotation omitted).

[2] The challenged testimony was as follows:

> Q: [Assistant United States Attorney]: Did you ask for consent to search the apartment?
>
> A: [Inspector Corrado]: Yes, we did.
>
> Q: Did you receive consent?
>
> A: No. He refused consent.

2

of guilt. He points out that this court has held that an invocation of the protection afforded by the Fourth Amendment to be free of unreasonable search and seizure cannot be used by a prosecutor as evidence of guilt. *See United States v. Thame*, 846 F.2d 200, 207 (3d Cir. 1988). The Government counters that the testimony was elicited to explain the steps the officers took before obtaining a search warrant. We see no error in the admission of these statements.

Williams also argues that the statement of one of the officers was a comment on Williams' exercise of his right to proceed to trial. Indeed, it would have been error if the prosecutor or a Government witness had commented on Williams' exercise of his Sixth Amendment right to proceed to a jury trial. *See Cunningham v. Zant*, 928 F.2d 1006, 1019 (11th Cir. 1991); *see also United States ex rel. Macon v. Yeager*, 476 F.2d 613, 616 (3d Cir. 1973). The allegations stem from Inspector Corrado's response to a question about why he had not attempted to take fingerprints: "Just an investigative step I chose not to take. I didn't think we would honestly be here." App. at 81. Williams argues that the statement was "obviously a comment" on Williams' decision to go to trial and an improper opinion of guilt. Appellant's Br. at 14. A review of the testimony does not easily lead to that inference. We see no error in the admission of this statement.

---

App. at 58. Later, Trooper Fry testified:

> [Trooper Fry]: At that point, I asked him for consent to search the residence, [to] which he didn't really provide an answer, and then I believe that he said no and that he wanted an attorney.

App. at 113.

Even if we were to accept Williams' argument, Williams has not demonstrated that he suffered any prejudice. The evidence of Williams' guilt was overwhelming. The prosecution presented evidence at trial that Williams picked up a package that the postal authorities had determined contained a large quantity of marijuana, addressed to a fictitious person, and attempted to take it back to his apartment. When confronted about the package, Williams fabricated a story about picking up the package for a neighbor, a fact that his neighbors denied. Even more significant, police found additional marijuana in quantities consistent with distribution, digital scales and packaging material inside Williams' apartment. Given this evidence it is very unlikely that the outcome of the trial would have been different if the challenged testimony had not been admitted. There was no plain error in admitting the testimony.

Based on the foregoing, we will affirm.