NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4198
_____

UNITED STATES OF AMERICA

v.

COREY GOLSON,
                                          Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-10-cr-00229-001)
District Judge: Honorable William W. Caldwell

_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2014


Before: AMBRO, JORDAN, and ROTH, Circuit Judges

(Opinion filed: March 12, 2014)

_____

OPINION
_____

AMBRO, Circuit Judge

       Appellant Corey Golson was convicted by a jury of drug and weapons charges and

sentenced to 78 months' imprisonment. He now appeals his conviction and argues that

the District Court abused its discretion when it did not grant a mistrial following the allegedly improper testimony of a Government witness during trial.[1]

## I. Background[2]

In July of 2010, the United States Postal Inspection Service ("USPIS") discovered that a package mailed from Phoenix, Arizona was addressed to a fictitious addressee—Derek Brown—in Mechanicsburg, Pennsylvania. Investigators used a police dog to confirm that the package contained drugs and obtained a search warrant to open the package. Inside were nearly 20 pounds of marijuana.

Investigators then arranged a controlled delivery of the package to the designated address. Defendant Corey Golson eventually came to the door, identified himself as Derek Brown, and signed for the package. Thirty minutes later, a police detector in the package indicated that it had been opened. Police entered the home and found Golson with the open package. During a search of Golson's room and surrounding area, investigators found two firearms, ammunition, packaged and raw heroin, and equipment used to package the drugs for sale.

Golson was charged with: (1) criminal conspiracy to distribute and possess with intent to distribute marijuana and heroin, in violation of 21 U.S.C. § 846; (2) distribution

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. Our jurisdiction is pursuant to 28 U.S.C. § 1291.

[2] Golson's father, also named Corey Golson, was indicted on related drug and weapons charges in a separate proceeding before the same District Judge. We recently affirmed the elder Golson's conviction and sentence. *See United States v. Golson*, -- F.3d --, 2014 WL 521033 (3d Cir. Feb. 11, 2014). That opinion contains a more thorough recitation of the background facts of this case. Here we review only the facts necessary to decide the issue in this appeal.

and possession with intent to distribute marijuana and heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C)-(D), and 18 U.S.C. § 2; and (3) possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), (c)(1)(B)(i). Golson pled not guilty to all charges and proceeded to trial.

On the second day of Golson's three-day trial, the Government called Postal Inspector Joseph Corrado, the lead USPIS investigator in the case, as a witness. During his testimony, Corrado was asked whether he submitted the drugs and guns found during the search for fingerprinting. The following exchange occurred.

[GOVERNMENT]: And were the firearms or any of the other items that were recovered, were they submitted for fingerprinting to the regional lab?

[WITNESS]: Not the regional lab, no.

[GOVERNMENT]: And why not?

[WITNESS]: Well, for a variety of reasons. Ninety-eight percent, roughly, of the cases I bring to the U.S. Attorney's Office plead out. Okay? I had an expectation that this case was going to take the same course.

[DEFENSE]: Objection, Your Honor

THE COURT: Absolutely, [AUSA] Bloom[?]

[DEFENSE]: Can we approach?

THE COURT: No, you don't need to approach.

[DEFENSE]: This is mistrial information, Your Honor.

THE COURT: Well –

[GOVERNMENT]: Don't talk about what ultimately happens. If you could talk about the reasons specific other than that. If you could talk about reasons, any lab backlogs, anything like that.

3

| [WITNESS]: | Sure.  The labs are backlogged roughly three to four months.  It's an expensive process to go through, and I need to assess – I've got as many as 20 active cases going on – what needs to be sent and what needs to be taken care of. |
|---|---|

App. at 205-06.

During the next recess, Golson's counsel again moved for a mistrial.  She argued that Corrado's testimony was highly prejudicial because it suggested to the jury that Golson was going to plead guilty and forgo his right to go to trial.  App. at 248-49.  Judge Caldwell denied the motion, but noted that he would review the written record on the issue.  *Id.* at 249.

The following day, during an off-the-record conversation in chambers, Judge Caldwell offered to give a cautionary instruction to the jury about Corrado's testimony in response to the fingerprinting question.  Golson declined such an instruction.  His counsel later explained that "in our opinion, [Corrado's] testimony was too prejudicial, and if I had gotten a cautionary instruction, it would have been way after the statement had been made, and it could not have cured the prejudice that I think the statement created in the minds of the jurors." App. at 384.[3]

---

[3] Golson may well have waived the issue he appeals by refusing the Court's proffered instruction.  *See United States v. Grubczak*, 793 F.2d 458, 462 (2d Cir. 1986) (finding a waiver of appellate review where the defendant did not request a limiting instruction following a court's failure to communicate an evidentiary ruling to the jury); *United States v. Tedder*, 801 F.2d 1437, 1445 (4th Cir. 1986) (refusing to grant a mistrial where the defendant declined a court's proffered curative instruction).  The Government does not assert waiver.  In any event, because we conclude that Golson's argument fails under the *Lore* factors, we need not decide the issue.

Golson was found guilty on all charges except a sub-part of the conspiracy charge (the jury found him not guilty of conspiracy to possess with intent to distribute marijuana). He moved for a new trial based on, among other things, Corrado's testimony. Judge Caldwell issued a memorandum opinion denying the motion, App. at 11-16, and, as noted, Golson was sentenced to 78 months' imprisonment. He now appeals his conviction.

## II. Discussion

Golson raises one issue on appeal: whether the District Court abused its discretion when it denied him a mistrial based on Corrado's testimony that "[n]inety-eight percent, roughly, of the cases I bring to the U.S. Attorney's Office plead out. Okay? I had an expectation that this case was going to take the same course." App. at 206.

We review for abuse of discretion the denial of a motion for mistrial based on a witness's allegedly prejudicial comments. *United States v. Self*, 681 F.3d 190, 199 (3d Cir. 2012). "Our inquiry focuses on whether [the] conduct at trial was so prejudicial that defendant was deprived of a fundamental right," *United States v. Xavier*, 2 F.3d 1281, 1285 (3d Cir. 1993), in this case the Sixth Amendment right to a fair trial. Both parties agree that, "in reviewing the denial of [a] motion on that standard, three factors guide our analysis: (1) whether [Corrado's] remarks were pronounced and persistent, creating a likelihood they would mislead and prejudice the jury; (2) the strength of the other evidence; and (3) curative action taken by the [D]istrict [C]ourt." *United States v. Lore*, 430 F.3d 190, 207 (3d Cir. 2005).

5

The parties disagree as to how the jury likely interpreted Corrado's testimony. Golson contends that the jury would believe that Corrado knew that Golson was going to plead guilty, and even goes so far as to assert that the jury would have inferred that Corrado was privy to plea negotiations. Golson Br. at 15 ("From the jury's perspective, the only reason for Corrado to forego fingerprinting based on his 'expectation' that Golson was pleading guilty would be if Corrado were privy to actual plea negotiations . . . ."). The Government counters that Corrado simply suggested that most defendants plead guilty.

Turning to *Lore's* three-part test, we agree with the District Court that Corrado's statement was not "pronounced and persistent." App. at 13. *Lore* held that "a single statement by a witness whose testimony spanned five days hardly can be deemed 'pronounced and persistent,'" especially when "the record contains strong evidence of the extent of [the defendant's] participation in the illegal schemes." *Lore*, 430 F.3d at 207. Corrado's statement that he expected Golson to plead guilty was improper under Federal Rule of Evidence 403, but it was a single comment made in the course of a three-day trial. And the Government persuasively argues that Corrado's statement was unlikely to prejudice the jury given its obviously conclusory nature. Finally, following Golson's objection to the testimony, Corrado offered an admissible explanation as to why he did not immediately send the evidence for fingerprinting analysis, thereby softening any effect his initial explanation was likely to have. For these reasons, we believe Corrado's statement was neither pronounced nor persistent.

We also conclude that the second factor, the strength of the other evidence against Golson, weighed against granting a mistrial. The Government presented evidence that Golson identified himself as Derek Brown, and then signed for and opened a package containing nearly 20 pounds of marijuana. During the subsequent search of the home, investigators found two firearms, ammunition, drugs, and equipment used to package the drugs for sale in and around Golson's bedroom. Accordingly, the evidence strongly supported the conviction.

Finally, the third factor, curative action taken by the court, also weighs in the Government's favor. The District Court offered to instruct the jury that Corrado's statement was not relevant, but Golson refused, essentially arguing that the instruction would disadvantage the defendant by drawing attention to the testimony. While it is true, as Golson argues, that "some occurrences at trial may be too clearly prejudicial for . . . a curative instruction to mitigate their effect," *Donnelly v. DeChristoforo*, 416 U.S. 637, 644 (1974), an instruction by the Court that the jury should ignore Corrado's remark would have cured possible prejudice to Golson in this case. That Golson refused the instruction for fear of drawing the jury's attention to the comment only bolsters our conclusion that the jury gave little, if any, weight to the statement.

We agree with the District Court that each of the three factors under *Lore* weighed against granting Golson a mistrial based on Corrado's statement. We conclude,

7

therefore, that the District Court did not abuse its discretion when it denied Golson's

mistrial motion.[4]

For the foregoing reasons, we affirm.

---

[4] There may be a persistent problem here of another sort. This is not the first time Inspector Corrado has stepped over the line in the same manner he did here. While we do not think his behavior warrants a retrial, we would be remiss if we did not acknowledge what defense counsel has pointed out: in *United States v. Williams*, 444 F. App'x 535, 537 (3d Cir. Sept. 14, 2011), we had to deal with the same problem created in the same fashion by the same law enforcement official. According to our nonprecedential opinion in that case, "[t]he allegations [of a Sixth Amendment violation] stem[med] from Inspector Corrado's response to a question about why he had not attempted to take fingerprints: 'Just an investigative step I chose not to take. I didn't think we would honestly be here.'" *Id.* One comment like that can perhaps be passed off as inadvertence (and indeed the panel in *Williams* opined that a "review of the testimony does not easily lead to [the] inference" that the officer was commenting on Williams' decision to "go to trial," *id.*). This being the second occasion, however, the Government is in a more tenuous position in asserting that there is no problem. We expect that we will not be confronted with a third go-around of Corrado testifying or implying that he expected a defendant to plead guilty.